1  JEFFREY A. TOPOR (SBN 195545)
   jtopor@snllp.com
2  LIANA MAYILYAN (SBN 295203)
   lmayilyan@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

6
   Attorneys for Defendant
7  Portfolio Recovery Associates, LLC

8

9              UNITED STATES DISTRICT COURT

10              EASTERN DISTRICT OF CALIFORNIA

11

12  REBECCA CARDENAS,            )  CASE NO.: 1:14-cv-01088-BAM
                                 )
13           Plaintiff,           )  **ANSWER TO COMPLAINT**
                                 )
14       vs.                     )
                                 )
15                               )
                                 )
16  PORTFOLIO RECOVERY           )
    ASSOCIATES, LLC,             )
17                               )
             Defendant.           )
18  ─────────────────────────────)

Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") hereby submits the following Answer to the Complaint ("Complaint") filed in this action by plaintiff REBECCA CARDENAS ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to allege violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.,* the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiff is a natural person who resides in Fresno County, California, and on that basis, denies the allegation. In further answering the allegations of Paragraph 2 of the Complaint, Defendant avers that no response is required of it to the extent that the allegations relating to whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692(a)(3) or whether Plaintiff qualifies as a "debtor" as defined by Cal. Civ. Code § 1788.2(h) call for a legal conclusion.  To the extent that a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.  Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answering Paragraph 3 of the Complaint, Defendant avers that no response is required of it to the extent that the allegations relating to whether the financial obligation at issue qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5) or a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f), or whether Defendant acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c), call for a legal conclusion.  To the extent that a response is required, Defendant admits that it has, at times, attempted to collect outstanding financial obligations using the mail.  Defendant lacks sufficient knowledge to form a belief as

to whether the financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5) or a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f), or whether Defendant acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c), and on that basis, denies the allegations.  Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4.  In answering Paragraph 4 of the Complaint, Defendant admits that it attempted to contact Plaintiff regarding an outstanding financial obligation.  Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5.  Defendant denies the allegations of Paragraph 5 of the Complaint.

6.  Defendant denies the allegations of Paragraph 6 of the Complaint.

7.  In answering Paragraph 7 of the Complaint, Defendant admits that it received a letter from Plaintiff's counsel dated February 13, 2014, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8.  Defendant denies the allegations of Paragraph 8 of the Complaint, including all subparts therein.

9.  In answering Paragraph 9 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

10.  In answering Paragraph 10 of the Complaint, Defendant incorporates by reference Paragraphs 1 through 9 above as if fully set forth herein.

11.  Defendant denies the allegations of Paragraph 11 of the Complaint.

12.  In answering Paragraph 12 of the Complaint, Defendant incorporates by reference Paragraphs 1 through 11 above as if fully set forth herein.

//

//

//

# AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (No Willful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly

denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that Plaintiff may have and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived Plaintiff's rights, if any, to recover the relief sought in the Complaint based upon Plaintiff's own conduct and admissions with respect to the financial obligation at issue.

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of Defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
### (First Amendment)

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA and the RFDCPA must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff has suffered no "injury in fact" as a result of the alleged violations and therefore lacks standing to sue.

//
//
//

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Materiality)

To the extent that any of the communications by Defendant are deemed to be false or misleading, which Defendant expressly denies, they were not materially false or misleading and therefore not actionable under the FDCPA or the RFDCPA.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendant recover from Plaintiff costs according to proof.

3. That Defendant recover attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.


DATED: August 15, 2014                SIMMONDS & NARITA LLP
                                      JEFFREY A. TOPOR
                                      LIANA MAYILYAN

                                      By:  /s/Liana Mayilyan
                                           Liana Mayilyan
                                           Attorneys for Defendant
                                           Portfolio Recovery Associates, LLC