Todd M. Friedman (SBN 216752)
tfriedman@attorneysforconsumers.com
Adrian R. Bacon (SBN 280332)
abacon@attorneysforconsumers.com
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA CARDENAS, | Case No.: 1:14-cv-01088-BAM |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| vs. | **Hon. BARBARA A. McAULIFFE** <br> **U.S. MAGISTRATE JUDGE** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | Date:       September 23, 2014 |
| | Time:       9:00 a.m. |
| Defendant. | Courtroom: 8 (6th Floor) |
| | **TELEPHONIC CONFERENCE REQUESTED** |

Pursuant to Rule 26(f) and the Court's Order Setting Scheduling Conference, Plaintiff, Rebecca Cardenas, ("Plaintiff") and Defendant, Portfolio Recovery Associates, LLC ("Defendant"), hereby submit their Joint Rule 26(f) Conference Report after having met and conferred on the issues contemplated in Rule 26(f) and the Court's Order.

**1. Summary of Factual and Legal Contentions Set Forth in the Pleadings including the relief sought by any party presently before the Court.**

This is an action for damages brought by an individual consumer. Plaintiff alleges that Defendant has violated the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Plaintiff alleges that at various times prior to filing the complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Plaintiff alleges that on or about February, 2014, Defendant began calling Plaintiff regarding an alleged debt. Plaintiff alleges that she told Defendant not to call her, but Defendant ignored her request and continued to call. Plaintiff further alleges that Defendant did not notify Plaintiff of her right to dispute the debt. Plaintiff does not believe the alleged debt is owed to Defendant.

Plaintiff seeks statutory damages of $2,000, in addition to actual damages and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Cal. Civ. § 1788.30.

Defendant denies Plaintiff's material allegations and denies that Plaintiff is entitled to relief under the FDCPA or the Rosenthal Act. To the extent that Plaintiff establishes a violation of either Act, no liability can attach to Defendant because any such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. *See* 15 U.S.C. § 1692k(c); Cal. Civ. Code § 1788.30(e).

**2.     Proposed deadline for amendments to pleadings**

The parties propose a deadline of November 7, 2014 to amend the pleadings.

**3.     A summary of the uncontested and contested facts**

Plaintiff alleges that at various times prior to filing the complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Plaintiff

alleges that on or about February, 2014, Defendant began calling Plaintiff regarding an alleged debt. Plaintiff alleges that she told Defendant not to call her, but Defendant ignored her request and continued to call. Plaintiff further alleges that Defendant did not notify Plaintiff of her right to dispute the debt. Plaintiff does not believe the alleged debt is owed to Defendant.

Defendant denies Plaintiff's material allegations. At Defendant's request, Plaintiff identified three telephone numbers at which she claims Defendant called her. Defendant has no record of calling Plaintiff at any of those numbers.

**4.     A summary of the legal issues as to which there is no dispute**

The parties agree that Plaintiff asserts claims under the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA").

**5.     The status of all matters which are presently set before the Court**

There are currently no matters presently set before the Court.

**6.     A complete and detailed discovery plan**

a.     The parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by September 30, 2014.

b.     The parties propose a cut-off date of February 20, 2015 for non-expert discovery.

c.     The parties propose that expert witness disclosures required by Fed. R. Civ. P. 26(a)(2) be made as follows: Plaintiff's expert witness(es) be disclosed by November 25, 2014; Defendant's expert witness(es) be disclosed by December 15, 2014; supplemental expert witness(es) be disclosed by January 8, 2015.

d.     The parties propose a cut-off date of March 13, 2015 for expert witness discovery.

  e. The parties do not propose any changes in the limits on discovery imposed by Fed. R. Civ. P. 26(b), 30(a)(2)(A), (B), 30(d) or 33(a).

  f. Defendant anticipates the need for a protective order may arise.

  g. The parties do not anticipate any issues relating to the timing, sequencing, phasing or scheduling of discovery.

  h. The parties do not anticipate the need to take discovery outside the United States.

  i. The parties do not anticipate video and/or sound recording of depositions.

  j. The parties do not currently foresee the need for a mid-discovery status report conference, but reserve the right to request such a conference, should a discovery dispute arise.

Presently, neither party intends to file a dispositive motion, but both reserve the right to do so, upon completion of discovery, if this case does not settle prior to completion of discovery.

**7. Discovery relating to Electronic, Digital and/or Magnetic data.**

The parties do not anticipate any issues regarding disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

**8. Duty to Meet and Confer**

The parties have met and conferred regarding all issues raised in the Court's Order Setting Scheduling Conference.

**9. Further Dates agreed to by all counsel**

  a. The parties propose that all non-dispositive and dispositive pre-trial motions (except motions *In limine* and other trial motions) be filed by March 20, 2015.

   b. The parties propose a pre-trial conference date of May 29, 2015.

   c. The parties propose a trial date of August 3, 2015.

**10. Settlement**

The parties have commenced settlement discussions, but have divergent views of the facts at issue. Nonetheless, the parties would like additional time to attempt informal discussions before incurring unnecessary fees and costs, and should this case not resolve informally, the parties are agreeable to choosing a mediator from the Court's ADR panel, for mediation by no later than a month after the discovery cut-off in this case.

**11. A statement as to whether the case is a jury or non−jury case**

Plaintiff requests a jury trial.

**12. A preliminary estimate of the time required for trial;**

2-3 days.

**13. Whether either party requests bifurcation or phasing of trial**

The parties do not believe, at this time, that bifurcation or phasing of the trial would be necessary.

**14. Whether this matter is related to any matter pending in this court or any other court, including bankruptcy court.**

At this time, the parties are unaware of any other actions which might relate to the present matter.

DATED: September 16, 2014     SIMMONDS & NARITA LLP

By: /s/ Jeffrey A. Topor
      JEFFREY A. TOPOR
      Attorneys for PORTFOLIO RECOVERY
      ASSOCIATES, LLC

DATED: September 16, 2014     Law Offices of Todd M. Friedman, P.C.

By: /s/ Adrian R. Bacon
      Todd M. Friedman
      Adrian R. Bacon
      Attorneys for PLAINTIFF

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business Address is 245 Fischer Avenue, Suite D1, Costa Mesa, CA 92626.

On September 16, 2014, I served the following document(s) described as: **JOINT 26(F) REPORT**, on all interested parties in this action by placing:

[X]   a true copy
[ ]   the original thereof enclosed in sealed envelope(s) addressed as follows:

Jeffrey A. Topor
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, CA  94104
Email: jtopor@snllp.com

[X]   **BY CM/ECF:** I transmitted the document(s) listed above electronically to the e-mail addresses listed above. I am readily familiar with the Court's CM/ECF system and the transmission was reported as complete, without error.

[X]   STATE – I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 16, 2014, at Costa Mesa, California.

By:   /s/ Adrian R. Bacon
            Adrian R. Bacon